IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JOHN ERCELL STATON,

      Plaintiff,

v.                                                    Civil Action No. 2:06cv2
                                                        (Judge Maxwell)

DR. HOFFMAN, JOE MANCHIN,
POTOMAC HIGHLANDS REGIONAL
JAIL, and JIMMY PLEAR,

      Defendants.

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this case by filing a civil rights complaint and an Application to Proceed Without the Prepayment of Fees in the United States District Court for the Southern District of West Virginia. Because plaintiff challenges the conditions of his confinement at the Potomac Highlands Regional Jail, the case was transferred to this Court on December 29, 2005.

Upon receipt of the case by this Court, it was discovered that Plaintiff had failed to accompany his Application to Proceed Without Prepayment of Fees with a copy of his Prisoner Trust Account Statement and an executed Consent to Collection of Fees form. Because the Court cannot determine Plaintiff's eligibility to proceed without the prepayment of fees without these forms, a deficiency notice was sent to Plaintiff on May 12, 2006. In the notice, Plaintiff was instructed to file the missing forms within 30 days from the date of the Order. Plaintiff was also advised that the failure to comply with the Order would result in the dismissal of his case.

A review of the file shows that as of the date of this Opinion, Plaintiff has not filed the requested forms, has not filed a motion to extend time to do so, or otherwise explained his reasons for noncompliance.[1]  Accordingly, it is the recommendation of the undersigned that the instant case be DISMISSED without prejudice for the failure to prosecute unless the Court hears to the contrary within ten (10) days from the date of this Order.  Any pleadings, motions, letters or other documents filed in response to this Report and Recommendation should be submitted to the Honorable Robert E. Maxwell, United States District Judge.[2]

 The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: October 12, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that on May 12, 2006, the Court received a letter from Plaintiff in which he states that a certified copy of his trust fund account, with attached ledger sheets, was sent to the Southern District of West Virginia with his complaint and that he should be penalized or sanctioned if the Court did not receive them.  See dckt. 13.  However, Plaintiff's letter was received prior to the Court's notice directing Plaintiff to file the missing documents.  Therefore, his letter was not in response to the Court's notice nor does it explain the reasons Plaintiff has failed to respond to that notice.  Moreover, even if Plaintiff sent those forms at the time he filed his complaint, the forms were never received and the Court cannot do an *in forma pauperis* determination without them.

[2] Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985):  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).